**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1761
_____

FENG ZHI LI; YU FANG CHEN;
ZHU YU CHEN; ZHEN HUA CHEN,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A96-109-436; A96-109-435; A96-109-434; A96-109-433)
Immigration Judge:  Hon. Grace A. Sease

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2012
Before:  SMITH, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed:  July 17, 2012)
_____

OPINION
_____

PER CURIAM

　　Feng Zhi Li and her children, Zhen Hua Chen, Yu Fang Chen, and Zhu Yu Chen

(as derivative beneficiaries), petition for review of an order of the Board of Immigration

Appeals ("BIA") denying a motion to reopen. For the reasons that follow, we will deny the petition for review.

## I.

Inasmuch as we are writing primarily for the parties and have previously discussed the background of the case, see Feng Zhi Li v. Att'y Gen., 379 F. App'x 235 (3d Cir. 2010), we will recite the facts only as necessary to our decision. Li and her children, all natives of Fujian Province in the People's Republic of China, conceded removability and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Li claimed that she was entitled to relief because she and her husband, who remains in China, had not complied with family planning regulations in Fujian Province, and that her husband had been forcibly sterilized as a result. An Immigration Judge found that Li's claim was not credible due in part to her submission of an inconsistent and unauthenticated letter purportedly written by Chinese officials to corroborate her husband's sterilization.[1] Her applications were therefore denied. The BIA affirmed the denial of relief, and Li did not seek review.

Li filed a motion to reconsider, which the BIA denied in 2006. We dismissed her petition for review of that denial because the only claim that she raised—ineffective

---

[1] At the time of Li's removal proceedings, an applicant who had established that his or her spouse had undergone a forced abortion or sterilization procedure was per se entitled to refugee status. In re C-Y-Z-, 21 I. & N. Dec. 915 (BIA 1997) (en banc). The presumption of asylum eligibility based on a spouse's forced abortion or sterilization no longer applies. See Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir. 2009) (en banc); In re J-S-, 24 I. & N. Dec. 520 (A.G. 2008).

2

assistance of counsel—had not been raised below. C.A. No. 06–4155. Li then filed a motion to reopen with the BIA, alleging changed country conditions and ineffective assistance of counsel. The motion was denied in 2008, and Li sought review. She pursued only her ineffectiveness claim before this Court, and we denied the petition for review, concluding that the underlying motion to reopen was properly denied. Li, 379 F. App'x at 239-40.

Li filed a second motion to reopen in 2011, again claiming changed country conditions in China. She alleged that because the BIA did not credit her claim that her husband was sterilized, it should consider whether she herself has a well-founded fear of being forcibly sterilized. The BIA denied the motion, concluding that the evidence Li submitted did not establish that reopening was warranted based on changed circumstances.

II.

Li now seeks review of the BIA's March 2, 2011 decision denying her second motion to reopen.[2] We have jurisdiction pursuant to 8 U.S.C. § 1252. The BIA's denial of a motion to reopen is reviewed for an abuse of discretion and will not be disturbed unless it was arbitrary, irrational, or contrary to law. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007).

---

[2] After she filed this petition for review, Li filed a motion with the BIA to reconsider the denial of her motion to reopen. The BIA denied the motion to reconsider on November 22, 2011, and Li did not petition for review of that denial. Our review of the present case is therefore limited to the BIA's March 2, 2011 decision.

3

An alien may file only one motion to reopen with the BIA and must do so within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). However, these limitations do not apply to motions to reopen seeking asylum or withholding of removal based on changed circumstances arising in the country of nationality, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008).

Li does not dispute that the BIA correctly determined that the motion to reopen was untimely and number-barred. In addition, we agree with the BIA that the evidence Li submitted with her motion to reopen was insufficient to demonstrate changed circumstances. To support her contention that circumstances in China have changed such that she faces an increased likelihood of forced sterilization should she return, Li submitted a photocopy of an unsigned letter purportedly written to her husband by the Population and Birth Control Bureau of Changle City, as well as letters and photographs of two Chinese women who claimed that they had been forcibly sterilized for failure to comply with family-planning policies.

Li argues that the BIA erred by rejecting the Population and Birth Control Bureau letter for lack of authentication. Official records entered into evidence in any proceeding before an Immigration Judge or the BIA must be authenticated. 8 C.F.R. § 1287.6. Although authentication need not be accomplished solely by the methods set forth in § 1287.6, see Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004), Li failed to authenticate

4

the purported letter by any means.  We perceive no abuse of discretion in the BIA requiring Li to authenticate the letter, especially in light of the fact that it was obtained by her husband, who had previously procured another unauthenticated letter that was rejected.  See Chen v. Att'y Gen., 676 F.3d 112, 117 (3d Cir. 2011).

Li's remaining submissions likewise do not indicate that her case should have been reopened.  The affidavits of two women apparently forced to undergo sterilization do not establish a change in conditions in China such that Li is at an increased risk of persecution.  To the contrary, the Immigration Judge's 2004 opinion denying Li's applications for relief from removal noted instances of forced sterilization in Fujian Province.  Evidence of two isolated incidents occurring over the span of several years does not reflect a material change in conditions.

Li also argues that the BIA should have considered additional evidence, including a 2006 State Department Country Report that was not submitted with her present motion to reopen, but which she had produced in earlier proceedings before the BIA.  In support of this contention, Li notes that we cited the 2006 Country Report in Huang v. Attorney General, 620 F.3d 372 (3d Cir. 2010).  Although Huang involved the BIA's failure to discuss the 2006 Country Report, we did not hold that the Board must address evidence that the petitioner had previously submitted.  Indeed, because a motion to reopen based on changed conditions may only be granted if the alien produces material evidence that was "not available and would not have been discovered or presented at the previous

proceeding," § 1229a(c)(7)(C)(ii), the BIA did not err by failing to reconsider previously submitted materials that Li did not attach to her motion to reopen.[3]

## III.

In sum, because the BIA properly concluded that Li did not satisfy the exception to the time and numerical limitations for filing a motion to reopen based on changed country conditions, we will deny the petition for review.

---

[3] To the extent that Li argued that her motion to reopen should have been granted in light of factual similarities between her circumstances and those at issue in Huang, we note that the opinion she attached to her motion to reopen does not itself constitute evidence of changed country conditions.